IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DR. GEORGE GRAEN                                  PLAINTIFF

v.                      Case No. 5:15-cv-05289

FCA US, LLC;
CHRYSLER GROUP, LLC;
and DAIMLERCHRYSLER AG                         DEFENDANTS

## OPINION AND ORDER

Now before the Court are Defendants FCA US, LLC's; Chrysler Group, LLC's; and DaimlerChrysler AG's (collectively, "Chrysler") Motion to Dismiss (Doc. 7) and Brief in Support (Doc. 8); Plaintiff George Graen's Response (Doc. 10) and Brief in Support (Doc. 11); and Chrysler's Reply (Doc. 17). Chrysler's Motion argues that Graen's attempt at service was improper, and so his Complaint (Doc. 1) should be dismissed. Yesterday, the Court took argument on the Motion at the Case Management Hearing, and issued a ruling from the bench agreeing that Graen failed to effect service, but disagreeing that dismissal was the appropriate remedy. Instead, the Court ordered Graen to properly serve Chrysler within twenty (20) days. On that reasoning, Chrysler's Motion to Dismiss (Doc. 7) is **DENIED**. To the extent that any statement in this Order conflicts with the Court's pronouncement from the bench, this Order controls.

### I.     DISCUSSION

According to the Complaint, Graen was driving his Dodge Viper on December 2, 2012, when a defect in the vehicle's right rear tire apparatus caused him to crash. He filed this diversity action exactly three years later, on December 2, 2015, alleging

product liability, negligence, and breach of warranty against Chrysler. Chrysler filed the instant Motion to Dismiss on April 20, 2016.

Chrysler argues that Graen's attempt at service was insufficient for two reasons. First, it asserts that service was untimely. Graen waited until March 30, 2016, 119 days after filing his Complaint, to serve Chrysler. *See* Doc. 6. On December 1, 2015—the day before Graen initiated this suit—several substantive changes to the Federal Rules of Civil Procedure went into effect. One such change was a reduction in the time allotted to serve a defendant, from 120 days to 90 days. *See* Fed. R. Civ. P. 4(m). In addition to this timeliness issue, Chrysler argues that Graen's attempt at service was improper because Graen served its authorized Texas agent, rather than its Arkansas agent. *See* Doc. 10-3, pp. 1-6.

Despite the aforementioned change to the Federal Rules of Civil Procedure, Graen maintains that he timely effected service. First, he contends that Rule 4(h)(1)(A)—which adopts state requirements for service—affords him 120 days because that is the time limit imposed by Arkansas' Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1); Ark. R. Civ. P. 4(i). Second, Graen believes his delay was justified based on representations Chrysler's counsel made about waiving service. Third, he notes that the Clerk's Office (errantly) referenced a 120-day time frame when it filed its First Notice of No Service of Process on January 11, 2016.

The Court disagrees with all three arguments. First, Rules 4(h)(1)(A) and 4(e)(1), read in conjunction, permit plaintiffs to serve corporate defendants by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Evid. 4(e)(1).

2

Contrary to Graen's contention, this rule does not allow plaintiffs to avail themselves of the pertinent states' time limits for service. Such an interpretation would render the Federal Rules' 90-day limit completely ineffectual. Rather, Rule 4(e)(1) allows plaintiffs to utilize the *methods* of service authorized by state law. Second, Graen's counsel's email correspondence with Chrysler's counsel pertaining to waiver of service does not excuse Graen's failure to timely serve Chrysler. Graen did not even send Chrysler a request for waiver of service until February 25, 2016, (Doc. 5), a full 85 days after filing his Complaint and only five days before Rule 4(m)'s 90-day time limit. Third, the Clerk's errant Notice re No Service of Process referencing the outdated 120-day time frame *may* provide good cause for excusing Graen's failure to timely attempt service, but it does not make his attempt at service timely.

Turning to Chrysler's second argument, the Court finds that Graen's attempt to serve Chrysler by serving its Texas agent was improper. At first glance, Rule 4(h)(1) would seem to permit Graen's course of action. That rule allows a plaintiff to serve a corporate defendant "*in a judicial district of the United States* . . . (B) by delivering a copy of the summons and of the complaint to an officer, a managing agent, or any other agent authorized by appointment or by law to receive service of process . . . ." (emphasis added). Graen relies heavily on the opening clause's use of the phrase "a judicial district," which it takes to mean "any judicial district." In other words, Graen contends that it did deliver a copy of the summons and complaint to Chrysler's agent in *a* judicial district of the United States—namely, the Northern District of Texas. A closer look at the Rule, however, reveals why Graen's attempt at service misses the mark.

3

Rule 4(h)(1)(B) permits service by delivery to an "agent authorized by appointment . . . to receive service of process." Whether an agent is *authorized* to receive service of process on behalf of a corporation, then, depends upon the scope of the agency relationship. As Wright & Miller explains:

> [T]he provision in Rule 4(h)(1) for serving agents authorized by appointment contemplates service on agents either expressly or impliedly appointed by the defendant organization as agents to receive process. Thus, service under this portion of Rule 4(h)(1)(B) requires an inquiry into the scope of the agency by appointment relationship . . . .

4A Wright & Miller, Fed. Prac. & Proc. Civ. § 1101 (4th ed.).

This approach is similar to the one taken by the Eighth Circuit in *Printed Media Services, Inc. v. Solna Web Inc.*, 11 F.3d 838 (8th Cir. 1993). The plaintiff brought suit against two related companies, one a Missouri corporation and the other a Delaware corporation. *Id.* at 839. Rather than serving both corporations separately, however, the plaintiff served only the Missouri corporation's registered agent in Missouri. *Id.* at 841. After the plaintiff obtained a default judgment against the Delaware corporation, that corporation filed a Rule 60(b) motion to vacate based on improper service. The district court denied the motion, and the Delaware corporation appealed.

On appeal, the plaintiff argued that the Missouri corporation's registered agent in Missouri was the implied agent of the related Delaware corporation. The Eighth Circuit disagreed. It found that "no agency relationship" could be implied by the facts of the case, and there was no indication that the Missouri corporation's agent "had actual authority to receive service" on the Delaware corporation's behalf, or that it "manifested consent" for the agent "to have that authority." *Id.* at 842.

4

Evaluating the scope of the agency relationship in the instant case leads to an obvious result: The relationship between Chrysler and its authorized agent for the state of Texas gives that agent the authority to receive service for lawsuits brought against Chrysler *in Texas*, but not in Arkansas or any other state. Why else would Chrysler also maintain an agent authorized to receive service *in Arkansas*, and presumably in nearly every other state in which it does business?[1] For this reason, Graen's attempt to serve Chrysler was insufficient.

When a plaintiff fails to serve a defendant, courts "must dismiss the action without prejudice . . . *or order that service be made within a specified time.*" Fed. R. Civ. P. 4(m) (emphasis added). If the plaintiff shows good cause, the Court "*must* extend the time for service for an appropriate period." *Id.* (emphasis added). Regardless of whether Graen has shown good cause for his failure to properly serve Chrysler, the Court finds—within its discretion as granted by the first sentence of Rule 4(m)—that ordering service to be made within a specified time is the appropriate remedy in this case.

## II.   CONCLUSION

For the reasons stated herein, Chrysler's Motion to Dismiss (Doc. 7) is **DENIED**. Graen shall have until July 13, 2016 to effect proper service upon Chrysler---after which he must promptly file an affidavit of service. Chrysler may also waive service pursuant to Rule 4(d) during this time period.

---

[1] The Court has no occasion to consider what the outcome of Chrysler's Motion would be if Texas were its state of incorporation or headquarters, or had some other relation to this case. Chrysler is a Delaware corporation headquartered in Michigan, and Graen's Complaint makes no reference to Texas whatsoever.

**IT IS SO ORDERED** on this 24th day of June, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE